### B. R. BROWN V. STATE OF OHIO

THE CIRCUIT COURT HAS NO JURISDICTION TO REVIEW A CONVICTION AND SENTENCE IN THE COMMON PLEAS.

This court has no jurisdiction, under sec. 7356, Rev. Stat. (82 O. L. 39), to review a conviction and sentence in the court of common pleas, on a petition in error, unless there is attached to and filed with such petition in error, a complete certified transcript of the record in the case, as provided in sec. 7358, Rev. Stat., (80 O. L. 46.

ERROR to the Court of Common Pleas of Lake county.

FRAZIER, J.

The plaintiff in error was indicted and tried for incest at the November (1886) term of the court of common pleas. He was convicted, and his counsel moved in arrest of judgment and for a new trial, both of which were overruled.

Numerous exceptions were taken on the trial of the cause in the court below, and we are asked to review the alleged errors of the lower court.

A petition in error is filed, to which is attached what purports to be a transcript of the record in the case, but which is in fact simply a copy of journal entries, a copy of the charge of the court, and the original bill of exceptions.

Section 7356, Rev. Stat., amended in 1883 and 1885 (80 O. L. 170 and 82 O. L., 39), provides for the reviewing of a judgment or final order of a court inferior to this court. Sec. 7357, of Rev. Stat., amended (80 O. L., 56), provides how and by whom "a complete certified transcript of the record," shall be made; sec. 7358, of Rev. Stat., amended (80 O. L., 46), provides that, "proceedings to review any such judgment shall be by petition in error, to which shall be attached such transcript, and also any original papers received by the clerk, except that in cases of felony it shall not be necessary to include in the transcript of the record any bill of exceptions; but the original bill of exceptions may be attached in lieu of the transcript of the record thereof."

In Van Buskirk v. Newark, 26 O. S., 37, leave to file a petition in error was refused by the supreme court, for the reason that no transcript of the complete record accompanied the application, the court holding that sec. 117, of the code of civil procedure, amended (67 O. L., 114), did not apply to that class of cases. Following Stanley v. State, 23 O. S., 581; and Farris v. State, 1 O. S., 188. In Jennings v. Mendenhall, 3 O. S., 490, the transcript filed with the petition in error was a copy of the journal entries merely, and the court held that this was not sufficient under section 517, of the Code, which provides for a transcript of the complete record, and the application was refused.

We have before us no certified transcript of the complete record in this case, as provided for by statute, and while it was not suggested to us in argument, it is a jurisdictional fact which the court ought to consider. Jones v. Marsh, 20, 30 O. S., 23.

---

*This case was followed by the circuit court in Champion v. State, 2 Dec., 171, 172.

We have no jurisdiction in this case to review the judgment of the lower court, unless the case is presented in this court in the manner prescribed by the statute, to-wit: by a petition in error, to which is attached a certified transcript of the complete record in the case.

The petition in error is therefore ordered to be stricken from the docket of this court.

Tuttle & Tuttle, for plaintiff in error.

Homer Harper, for the state.